UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMARKUS DEAN JEFFRIES,

              Petitioner,                              Case Number 1:17-cv-14179
                                                        Honorable Thomas L. Ludington

v.

BENNY NAPOLEON,

              Respondent,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

The Petitioner, Damarkus Dean Jeffries, presently confined at the Wayne County Jail in Detroit, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] ECF No. 1. Petitioner is a pre-trial detainee who is awaiting trial on a charge of armed robbery in the Wayne County Circuit Court.[2] Because Petitioner's criminal case is currently pending in the state courts, Jeffries' petition will be summarily denied.

**I.**

Petitioner has yet to be convicted of any criminal charges in this case. In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.

---

[1] Because petitioner's application for a writ of habeas corpus has been brought prior to him being convicted of any crimes, it is proper for him to seek habeas relief under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 4 (6th Cir. 2008).

[2] The Wayne County Circuit Court website, www.cmspublic.3rdcc.org., which this Court is able to take judicial notice of, *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003), confirms that the petitioner has a pending armed robbery case in that court. *See People v. Jeffries,* No. 17-007735-01-FC (Wayne County Circuit Court).

*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *See also Hoard v. State of Michigan*, No. 2005 WL 2291000, *1 (E.D. Mich. Sept. 19, 2005). Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008); *Moore*, 875 F. Supp. at 622, n. 2. Petitioner does not allege that any pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception permits pretrial habeas petition wherein a state prisoner asserts his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*,

644 F. 2d at 547. Notably, even in this instance, state court remedies must be exhausted. Petitioner does not assert his speedy trial rights in the current petition.

Moreover, even if a federal habeas corpus petition would be proper in this case, Petitioner is still required to exhaust all available state court remedies. *See Braden*, 410 U.S. at 489-91; *see also Urbina v. Thoms*, 270 F. 3d 292, 295, n. 1 (6th Cir.2001); *Atkins*, 644 F.2d at 546-47. A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). Petitioner does not allege that he has exhausted his state court remedies with respect to any pending criminal charges. The habeas corpus statute governing pretrial relief requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5th Cir. 1987). *See also Dillon v. Hutchinson,* 82 F. App'x. 459, 461–62 (6th Cir. 2003) (pretrial habeas petitioner not entitled to habeas relief when he failed to exhaust his claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981) (where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges, the district court would refrain from considering the merits of petitioner's claims concerning those charges). Because Petitioner has not exhausted his state court remedies, he is not entitled to a writ of habeas corpus. *Dickerson,* 816 F. 2d at 228.

Because the application makes clear that Petitioner is not currently entitled to habeas relief, the habeas petition will be summarily denied. *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

**II.**

For the following reasons, Petitioner will also be denied a certificate of appealability. 28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998) (pretrial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth*., 105 F. 3d 1063, 1073 (6th Cir. 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Petitioner has failed to make a substantial showing of the denial of a federal constitutional right. Further, jurists of reason would not find this Court's resolution of petitioner's claims to be debatable nor would they conclude that Petitioner should receive encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). Petitioner will be denied a certificate of appealability. Petitioner will also be denied leave to appeal *in forma pauperis* because the appeal would be frivolous. *Id.*

### III.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice.**

It is further **ORDERED** that a certificate of appealability and permission to appeal in forma

pauperis are **DENIED**.


Dated: January 17, 2018                          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on January 17, 2018.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager